UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Susan Marie Asherman,                          Case No. 04-33391
          Debtor.                      (Chapter 13)

**MEMORANDUM OPINION AND ORDER
HOLDING WAL-MART STORES, INC. IN CONTEMPT**

      The issue in this case is whether the debtor's employer should be held in contempt for failure to remit funds withheld from a debtor's paycheck to the chapter 13 trustee. Susan Asherman (the "Debtor") filed a chapter 13 bankruptcy petition on September 15, 2004. On October 4, 2004, this court issued an order requiring the Debtor's employer, Wal-Mart Stores, Inc. ("Wal-Mart"), to deduct $108.00 bi-weekly from the Debtor's earnings and to remit that payment to the Chapter 13 trustee. The court's order was served on Wal-Mart at 702 SW 8th Street, Bentonville, Arkansas, 72716 Attn: Payroll Department. This address is the same one shown on the Debtor's paychecks.

      Between October 16, 2004 (the first date covered by the payroll order) and March 4, 2005, Wal-Mart deducted $108 bi-weekly from the Debtor's paycheck for a total of $1,080.00. However, only $324.00 has been paid to the Trustee.

      On February 9, 2005, the Debtor filed a Motion to require Wal-Mart to show cause why it should not be held in contempt for failure to honor the payroll order. The motion was served on Wal-Mart at the payroll department address in Bentonville, Arkansas, and a copy was sent to Wal-Mart's corporate registered agent in Madison, Wisconsin. A hearing was scheduled for March 8, 2005, and notice of the hearing was sent to the payroll department and registered agent. Wal-Mart did not respond to the Motion, and did not appear at the hearing. The Debtor filed an

affidavit and attached copies of her paycheck stubs, showing the amounts withheld from her checks. The chapter 13 trustee confirmed that only 3 of the 10 payments withheld by Wal-Mart had been paid to the Trustee.

**DISCUSSION**

A bankruptcy court has the authority to find parties in civil contempt. 11 U.S.C. § 105(a) (2005) ("The court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title."). *See Cox v. Zale Del., Inc.*, 239 F.3d 910, 916-17 (7th Cir. 2001) (bankruptcy courts have the power to determine civil contempt); *In re Volpert*, 110 F.3d 494, 500 (7th Cir. 1997) ("Section 105 grants broad powers to bankruptcy courts to implement the provisions of Title 11 and to prevent abuse of the bankruptcy process.").

The purpose of civil contempt proceedings is to secure compliance with a prior court order. *Rockwell Graphic Systems, Inc. v. DEV Indus., Inc.*, 91 F.3d 914, 920 (7th Cir. 1996). The complaining party must prove the violation of the order by clear and convincing evidence. *See D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 460 (7th Cir. 1993) ("In order to prevail on a contempt petition, the complaining party must demonstrate by clear and convincing evidence that the respondent has violated the express and unequivocal command of a court order.").

Upon a finding of civil contempt, the court may award compensatory damages as well as attorneys fees and costs to the aggrieved party. *McDonald's Corp. v. Victory Investments*, 727 F.2d 82, 87 (3d Cir. 1984). In addition, a court may impose a fine or *in terrorem* damages to coerce compliance where the contemnor exhibits a proclivity for future misconduct. *United States v. United Mine Workers*, 330 U.S. 258, 304-307 (1947). Generally, a coercive sanction is

2

conditioned upon the contemnor's continuing refusal to comply with the court's orders. *Id.* at 305.

In bankruptcy proceedings, the contempt issue commonly arises in the context of violations of the automatic stay or discharge injunction. *See, e.g., Lord v. Carragher (In re Lord)*, 270 B.R. 787 (Bankr. D. Ga. 1998) (contempt found for violating the automatic stay); *Mickens v. Waynesboro Dupont Employees Credit Union, Inc. (In re Mickens)*, 229 B.R. 114 (Bankr. W.D. Va. 1999) (contempt found for violating discharge injunction). However, at least two courts have held an employer in contempt for violating a chapter 13 payroll order.

In *In re Stebbins*, 293 B.R. 113 (Bankr. W.D. N.Y. 2003), the court issued an order directing the employer to withhold $88 per week from the debtor's wages, and to remit the sum to the chapter 13 trustee. Although the employer consistently deducted the required sums, it did not remit all of the payments to the trustee. *Id.* at 114. The debtors filed a motion for contempt against the corporate employer as well as the individual owners of the corporation.

While declining to find the individual owners in contempt, the court held the corporation in civil contempt of the payroll order. The court determined that the payroll order was unmistakable in requiring the employer to not only withhold, but also to remit the funds to the trustee. *Id.* at 115. The fact that the employer relied on one part of the order (deduction from the debtor's salary), but did not follow the other requirement (remittance of funds to the trustee), clearly showed a failure to comply with the entire court order. The court awarded the debtors actual damages in the full amount of the unremitted funds, as well as attorneys fees. *Id.*

*In re Genovese*, 91 B.R. 831 (Bankr. E.D. Tenn. 1988) also considered the issue of a court holding an employer in contempt for failure to follow a payroll order. But

3

*Genovese* specifically dealt with an employer's motion to vacate an order finding it in contempt of a payroll order. *Id.* at 832. In a prior court proceeding, the court found that the employer had adopted a "cavalier" attitude towards the payroll order, that the employer had knowledge of its obligations under the payroll order, and that the employer had used the withheld funds to setoff other obligations owed to it by the debtor. *Id.* at 832. Based on those findings, the court found the employer in contempt of the payroll order, and awarded the debtors the amount withheld but not remitted to the chapter 13 trustee, and reasonable attorneys fees for services related to the contempt motion. *Id.* The employer brought a motion to vacate that order of contempt. That motion was denied. *Id.* at 834.

In the instant case, the Debtor alleges that Wal-Mart is in contempt of the court's payroll order dated October 4, 2004. The court's docket shows that the payroll order was duly served on Wall-Mart, and the Motion to show cause and Notice of Hearing were served on Wal-Mart's payroll department as well as its registered agent for service of process. Wal-Mart evidently received the payroll order, because it began deducting the requisite amount from the Debtor's checks. However, Wal-Mart did not remit those sums to the Trustee, as required by the payroll order. The Debtor showed by undisputed evidence that Wal-Mart deducted $1,080 from her paychecks, but only remitted $324 to the Trustee. The Debtor's attorney stated that he had incurred $600 in attorneys fees and costs in responding to the Trustee's Motion to Dismiss, and attempting to obtain Wal-Mart's compliance with the payroll order.

The Debtor having shown by clear and convincing evidence that Wal-Mart received but did not comply with the payroll order, it is therefore,

ORDERED: that Wal-Mart is held in contempt of this court's order of October 4, 2004; and it is further,

ORDERED: that, within 15 days of the date of this Order, Wal-Mart is ordered to pay to the Debtor, Susan Marie Asherman, in care of her attorney, Richard Check, at the address below, the sum of $756 in actual damages and the sum of $600 in attorneys fees and costs, for a total award of $1,356.00.

Dated: May 9, 2005

By the Court:

*Susan Kelley*
Susan V. Kelley
U.S. Bankruptcy Judge

copies to:

Wal-Mart Stores, Inc.
702 S.W. 8th Street
Bentonville, AR 72716
Att'n: Payroll Dept.

CT Corporation Systems
Agent for Wal-Mart Stores, Inc.
8025 Excelsior Dr., Ste. 200
Madison, WI 53717

Richard A. Check
757 N. Water Street # 300
Milwaukee, WI 53202

Thomas King
Chapter 13 Trustee
P.O. Box 3170
Oshkosh, WI 54903

Susan M. Asherman
9110 N. 75th Street #1B
Milwaukee, WI 53223